# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CASEY NEWSOME, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 3:15-CV-418-JVB |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Casey Newsome, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-05-263) where a Miami Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of Battery/Assault on Staff in violation of prison rule A-117 on May 26, 2015, and deprived him of 180 days earned credit time and demoted him to credit class 3. Newsome argues that there was insufficient evidence to have found him guilty. Though he also raises other arguments which the respondent asserts were procedurally defaulted, because Newsome prevails on his insufficient-evidence claim, it is unnecessary to address any of the other grounds in his petition nor to decide whether they were procedurally defaulted.

The events at issue in this case were described in the Conduct Report:

> On 5-21-15 at approximately 1930 hours I, Sgt. E. Parkin, was searching cell P229/230. While picking up a salt shaker bottle I stuck my right index finger on a needle that was sticking out of the top of the bottle. The needle was place in the container sharp side up with no safety cap or other device to prevent being poked with. The shaker was setting on the shelving unit that was later identified as belonging to Offender Newsome, Casey #150992 P-229. I immediately washed my hand with antibacterial soap and utilized an alcohol prep pad to sterilize the area and reported the injury to Lt. M. Rush.
> When I questioned the offenders, Offender Newsome stated that the needle was his.
> Due to being stuck with the needle I went to Dukes Memorial Hospital for treatment of the stick.

> I am requesting restitution for the cost of the medical treatment received for the needle stick.

DE 6-1.

The respondent argues that "there was an offensive touching—the needle stick—but no assault, for it appears Sergeant Parkin did not know a needle was sticking out of the top of the salt shaker when he grabbed it, so this case involves the battery aspect of offense A-117." DE 6 at 11 n.3. The respondent explains that "criminal battery occurs where a person **knowingly or intentionally** touches another person in a rude, insolent, or angry manner [and] civil battery occurs where an individual (a) . . . acts **intending** to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." DE 6 at 11 (quotation marks omitted, ellipsis in original, emphasis added). Generally it is reasonable to infer an intent to touch and cause harm in battery cases, *cf. Tison v. Arizona*, 481 U.S. 137, 150 (1987). Where an inmate punches a guard, it is reasonable to infer that he intended to touch and cause harm to the guard.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here however, there is simply no evidence from which the DHO could have reasonably inferred that having a needle sticking out of a salt shaker on a shelf in his cell was **intended** as a

2

method for committing battery on the guard. If there were evidence in this record from which it could be plausibly inferred that Newsome had set a trap intending to injure a guard, then he could properly have been found guilty of Battery/Assault. Newsome admitted it was his needle. It was found in his property. The guard got stuck when he was searching. Such a needle stick is undoubtedly a serious injury requiring medical attention. Inmates are prohibited from having needles. Certainly an inmate could wield a needle in a manner intended to cause injury. But here there is no evidence that Newsome intended the needle to injure the guard. Rather, every inference indicates that Newsome wanted to hide the needle because possessing it was a violation of prison rules. The fact that the guard was stuck by the needle when he discovered it while searching for contraband was an unfortunate accident.

Nevertheless, because there was insufficient evidence to have found Newsome guilty of violating A-117, the guilty finding must be vacated. However, prison officials are free to retry Newsome on the charge of possessing the needle if they so choose. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) (double jeopardy principles do not apply in the prison disciplinary context).

For these reasons, the Habeas Corpus petition (DE 1) is **GRANTED**. The Respondent is **ORDERED** to file documentation by January 15, 2016, showing that the guilty finding in MCF 15-05-263 has been vacated and Casey Newsome's earned credit time restored.

**SO ORDERED** on December 28, 2015.   s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE